IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KAABAR VENSON, #M39211, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv−02185−SMY |
| L. GREGSON, BRADLEY J. LASER, WEXFORD MENTAL HEALTH AND MEDICAL, ANGELA CRAIN, JACQUELINE LASHBROOK and JOHN DOE, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kaabar Venson is a transgender inmate who is currently incarcerated at Menard Correctional Center ("Menard"). She brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that she was attacked by another inmate on May 3, 2018 and that since then, she has become depressed and has attempted to commit suicide. (Doc. 1, pp. 10-12). She requests money damages, injunctive relief,[1] and criminal prosecution of her attacker.[2] (*Id*. at 14).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims.

---

[1] Plaintiff seeks placement in a "safe facility," and the Court interprets this request as one for relief at the close of this case. (*Id*. at p. 14). Plaintiff does not identify which facilities would be safe or assert that Menard is currently unsafe. If interim relief becomes necessary during the pending action, Plaintiff should file a separate motion for a temporary restraining order or preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure.
[2] Plaintiff cannot compel a criminal prosecution. *Wimberly v. Julius*, 606 F. App'x 309, 311 (7th Cir. 2015) *cert. denied,* 136 S. Ct. 504 (2015).

28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff is vulnerable to attack by other inmates because she renounced her gang affiliation when she announced that she is transgender. (Doc. 1, pp. 10-12). Gang members warned Plaintiff that she is subject to a "k.o.s." order (kill on site) at Menard. (*Id*. at p. 10). Plaintiff has relayed this information to Pappus, Wilson, Cannon, Dr. Goldman, Ms. R., Ms. Holmon, Lauera, McCarthy,[3] and others, but has been denied "safety." (*Id*. at p. 11).

On May 3, 2018, Plaintiff was attacked by another inmate. At the time, she was cuffed behind her back and walking beside Officer Bradley Laser. An inmate reached through his cell bars, pulled Plaintiff's hair, and began banging her head against the bars. Officer Laser grabbed the inmate's hand and ordered him to release Plaintiff, but the attack continued for approximately ninety seconds. (*Id*.).

Plaintiff was escorted to the health care unit ("HCU") for treatment of injuries to her head, face, and neck. (*Id*. at p. 12). Nurse Gregson gave her Tylenol for pain and scheduled an appointment with a doctor, which never occurred. Plaintiff suspects that Nurse Gregson forged

---

[3] None of these individuals are listed as defendants in the case caption, and this Court will not treat them as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). All claims against these, or any other non-parties mentioned in the Complaint or in this Order, are considered dismissed without prejudice from this action.

her signature on a medical refusal form. (*Id*.).

In the weeks following the attack, Plaintiff became increasingly fearful and depressed. (*Id*. at pp. 10, 12). An officer called Plaintiff a "faggot ass snitch" in front of other inmates who threatened to stab her. She was temporarily moved for her safety, but returned to the same area of the prison a day or two later. On May 19, 2018, Plaintiff attempted to take her own life. She has since attempted suicide several times. (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

**Count 1:** Eighth Amendment claim against Defendants for failing to provide Plaintiff with safe housing after she renounced her gang affiliation and announced that she is transgender.

**Count 2:** Eighth Amendment claim against Officer Laser for failing to intervene and protect Plaintiff from the inmate attack that occurred on May 3, 2018.

**Count 3:** Eighth Amendment claim against Nurse Gregson for denying Plaintiff adequate medical treatment for the injuries she sustained in the inmate attack on May 3, 2018.

**Count 4:** Eighth Amendment claim against Defendants for failing to protect Plaintiff from the increased risk of suicide following her attack on May 3, 2018.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement to incarcerated persons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care. *Id.* at

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

832. They must also take reasonable steps to guarantee inmate safety, and this includes reasonable measures to protect inmates from violence at the hands of other inmates. *Id*. at 833; *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).

To state a claim based on the failure to protect an inmate, a plaintiff must show that she was incarcerated under conditions posing a substantial risk of serious harm to her health or safety, and that the defendants acted with deliberate indifference to that danger. *Id*. This often requires a plaintiff to identify a specific, impending and substantial threat to her safety that the defendants disregarded. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

With regard to Count 1, Plaintiff claims that she was denied protective custody at Menard after reporting specific threats to her safety. However, she names no defendants in connection with the decision to deny protective custody. The Seventh Circuit has long held that liability under Section 1983 hinges on personal involvement in a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Thus, a plaintiff cannot state a claim against a defendant simply by listing an individual's name in the case caption. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff did not identify the individual(s) who denied her request for protective custody, Count 1 cannot proceed at this time.

Turning to Count 2, the allegations do not suggest that Officer Laser responded to Plaintiff's attack with deliberate indifference. (Doc. 1, pp. 10-12). Plaintiff does not allege that Officer Laser failed to take reasonable or prompt measures to ensure her safety. In fact, Plaintiff's allegations indicated that Laser verbally and physically intervened in the attack and attempted to stop it. Therefore, Count 2 cannot proceed against Officer Laser.

The Eighth Amendment claim in Count 3 for the denial of medical care requires the plaintiff to show that (1) she suffered from an objectively serious medical condition; and (2) each

defendant was deliberately indifferent to a risk of serious harm from that condition. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). The allegations satisfy neither of these requirements at screening. Because Plaintiff does not describe her injuries with any detail, the Court is unable to determine whether the injuries were sufficiently serious to support a claim. Moreover, the only defendant mentioned in connection with this claim is Nurse Gregson, who treated Plaintiff's injuries promptly and appropriately at the time. Plaintiff's "belief" that the nurse later forged her signature on a medical refusal form is mere speculation and is insufficient to state a claim for deliberate indifference against Nurse Gregson.

The final claim against the defendants arises from Plaintiff's attempts to take her own life. Attempted suicide qualifies as an objectively serious harm. *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). To demonstrate deliberate indifference in this context requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk. *Collins v. Seeman*, 462 F.3d 757, 761 (7th Cir. 2006). Plaintiff identifies no defendants in connection with this claim and thus fails to establish that any named defendant knew of the substantial risk of self-harm and intentionally disregarded it. Count 4 must therefore be dismissed.

**Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. A district court faced with a request for counsel must consider whether the indigent plaintiff made a reasonable attempt to obtain counsel and, if so, whether the plaintiff appears competent to litigate the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff describes twenty letters she sent to attorneys seeking representation and provides copies of several responses. She has demonstrated efforts to locate counsel. Plaintiff nevertheless appears competent to litigate this

matter. The case focuses on four claims that all arise under the Eighth Amendment and do not involve complex legal or factual issues. Plaintiff has prepared coherent pleadings and appears capable of responding to motions and preparing discovery. Plaintiff demonstrates knowledge of key events, defendants, and witnesses. She is also incarcerated at the facility where her claims arose, so she should have access to the information, witnesses, and evidence necessary to prepare an amended complaint and litigate her claims. The Court declines to recruit counsel at this time.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (including **COUNTS 1, 2, 3,** and **4**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 11, 2019**. Should Plaintiff fail to file her First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute her claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. She should label the form, "First Amended Complaint," and she should use the case number for this action (No. 18-cv-02185-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits she wishes the Court to consider along

6

with it. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that her obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 8, 2019**

s/ STACI M. YANDLE
**District Judge**
**United States District Court**
