IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KAABAR VENSON, #M39211, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–02185−SMY |
| | ) | |
| L. GREGSON, | ) | |
| BRADLEY J. LASER, | ) | |
| WEXFORD MENTAL HEALTH, | ) | |
| JACQUELINE LASHBROOK, | ) | |
| McCARTHY, | ) | |
| and LAUER, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of the First Amended Complaint filed by Plaintiff Kaabar Venson, a transgender inmate of the Illinois Department of Corrections ("IDOC"), formerly incarcerated at Menard Correctional Center ("Menard"). (Doc. 8). Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against Menard officials who allegedly failed to protect her from an inmate attack on May 3, 2018. (Doc. 8, pp. 7-13). She seeks a preliminary injunction requiring Menard officials to place her in a single cell until she can be transferred to a medium-security facility. (Doc. 8, p. 14).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual

1

allegations are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 8, pp. 1-13): Upon transferring to Menard, Plaintiff informed prison officials (McCarthy and Lauer) that she is transgendered and in need of protection. (Doc. 1, p. 7). Her former gang issued a "K.O.S." (kill on sight) order against her after learning of her transgendered status at Stateville Correctional Center. McCarthy and Lauer ignored her request for protective custody ("PC"), so Plaintiff informed Laser of her transgendered status and asked him for help. Laser responded with "disdain and disgust," routinely speaking to her in a loud voice near inmates with security threat group ("STG") classifications. This prompted the STG inmates to threaten, insult, and intimidate Plaintiff in Laser's presence. (*Id.*).

On May 3, 2018, Plaintiff was attacked by another inmate. (Doc. 1, p. 8). As Laser escorted Plaintiff past cells occupied by STG inmates, one inmate reached through the bars, grabbed her by the hair, and repeatedly banged her head against the cell bars. At the time, she was cuffed behind her back and walking beside Laser. Laser made little or no attempt to stop the attack for almost ninety seconds. Plaintiff sustained injuries to her head, face, and neck. (*Id.*). Plaintiff was taken to the infirmary for treatment, but Nurse Gregson sent her back to her cell after handing her Tylenol and telling her that she would be scheduled for an appointment with a prison physician. (Doc. 1, p. 9).

Plaintiff pleaded for protection from Warden Lashbrook, but the warden ignored her pleas. Lauer and McCarthy did the same, and Laser responded by calling her a "faggot ass snitch." (Doc. 1, p. 10). Plaintiff was temporarily moved from her cell following the assault. She attempted

suicide several times after returning to the cell on May 19, 2019. Plaintiff was not seen by a crisis counselor or physician despite her efforts to obtain medical and crisis intervention. (*Id*.).

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following claims in this *pro se* action:

**Count 1:** Eighth Amendment claim against McCarthy, Lauer, Laser, and Lashbrook for failing to provide Plaintiff with protective custody when she transferred into Menard as a transgender inmate whose former gang issued a K.O.S. order against her ("Count I" at Doc. 8, p. 11).

**Count 2:** Eighth Amendment claim against Laser for subjecting Plaintiff to a heightened risk of attack by STG inmates by escorting her in cuffs past cells occupied by STG inmates and failing to timely intervene and protect her from an inmate attack on May 3, 2018 ("Count II" and "Count III" at Doc. 8, pp. 11-12).

**Count 3:** Eighth Amendment claim against Gregson for denying Plaintiff adequate medical treatment for the injuries she sustained in the attack on May 3, 2018 ("Count IV" at Doc. 8, p. 12).

**Count 4:** Eighth Amendment claim against Gregson for failing to protect Plaintiff from the increased risk of suicide following her attack on May 3, 2018 ("Count V" at Doc. 8, p. 12).

**Count 5:** Eighth Amendment claim against McCarthy, Lauer, Laser, Lashbrook, and Gregson for failing to protect Plaintiff from the increased risk of future inmate attacks by placing her in a cell with straight and/or non-transgender inmates in an effort to have her harmed ("Count VI" at Doc. 8, p. 13).

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Preliminary Matters

Wexford Mental Health is named in the case caption but not mentioned in the statement of claim. As a result, this defendant will be dismissed without prejudice because the allegations state

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

no claim against it. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Plaintiff's First Amended Complaint seeks a preliminary injunction in the form of an order compelling Menard officials to place Plaintiff in a single cell until she can be transferred to a medium security facility that houses transgender inmates. (Doc. 8, p. 14). After filing the First Amended Complaint in March 2019, Plaintiff informed the Court that she transferred to Pontiac on April 10, 2019. (Doc. 4). It is unclear whether the transfer moots Plaintiff's request for injunctive relief. Accordingly, Plaintiff is **ORDERED** to file a brief on or before **June 5, 2019** specifically addressing whether and why she still seeks a preliminary injunction. In the brief, Plaintiff should set forth the exact relief she now seeks and the facts that support her request for this relief.

Plaintiff does not specify whether she is seeking money damages in addition to injunctive relief. However, this is not a ground for dismissal. *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). Plaintiff is entitled to relief even if she "has not demanded such relief in [her] pleadings." *Id.* (quoting *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 65-66 (1978)). Whether Plaintiff is also seeking money damages can be clarified at a later date. *Id.* Accordingly, the Court will screen the First Amended Complaint as though Plaintiff is seeking both injunctive relief and money damages. But to resolve this matter, Plaintiff is **ORDERED** to notify the Court, in writing, on or before **June 5, 2019** whether she intends to pursue money damages.

Failure to respond to the Court's directives will result in dismissal of this action for failure to comply with an Order of this Court. Further, if the Court determines that Plaintiff is only seeking injunctive relief *and* her request for this relief is moot, then this entire matter will be subject to dismissal.

## Discussion

All of the claims in this case arise under the Eighth Amendment, which imposes a duty on prison officials to provide humane conditions of confinement to incarcerated persons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials must take reasonable steps to guarantee inmate safety, and this includes reasonable measures to protect inmates from violence at the hands of other inmates. *Id*. at 833; *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). To state a claim under the Eighth Amendment, a plaintiff must show that she was incarcerated under conditions posing a substantial risk of serious harm to her health or safety, and the defendants acted with deliberate indifference to that danger. *Id*. This often requires a plaintiff to identify a specific, impending and substantial threat to her safety that the defendants disregarded. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Plaintiff has satisfied these requirements against the defendants named in connection with Counts 1, 2, 4, and 5, and these claims survive screening.

However, to proceed with a claim in Count 3 against Nurse Gregson for the denial of medical treatment following the inmate assault, Plaintiff must show that (1) she suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). Plaintiff does not describe her injuries, so the Court cannot assess whether she suffered from an objectively, sufficiently serious medical condition and whether Nurse Gregson demonstrated deliberate indifference. Count 3 will therefore be dismissed without prejudice against Nurse Gregson for failure to state a claim upon which relief may be granted.

## Pending Motion

Plaintiff's Second Motion for Recruitment of Counsel (Doc. 9) is **DENIED** without prejudice. A district court faced with a request for counsel must consider whether the indigent

plaintiff made a reasonable attempt to obtain counsel and, if so, whether the plaintiff appears competent to litigate the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff describes her unsuccessful attempts to contact attorneys about representation in this matter. She has demonstrated efforts to locate counsel that are reasonable under the circumstances. And, despite her attention deficit and her diagnosis with a serious mental illness, Plaintiff has demonstrated her ability to competently litigate this matter without counsel. She has consistently met court-imposed deadlines. Her pleadings are well-organized and coherent. Her claims survive screening. All of the claims arise under the Eighth Amendment and are straightforward. The motion is thus denied without prejudice.

## Disposition

The Clerk is **DIRECTED** to **ADD** a Motion for Preliminary Injunction in CM/ECF. If Plaintiff wishes to pursue this request for relief, she is **ORDERED** to file a supporting brief on or before **June 5, 2019** specifically addressing whether and why she still seeks a preliminary injunction. By the same deadline, Plaintiff is **ORDERED** to advise the Court in writing whether she intends to pursue money damages. Failure to respond to the Court's directives will result in dismissal of this action for failure to comply with an Order of this Court. Further, if the Court determines that Plaintiff is only seeking injunctive relief *and* her request for this relief is moot, then this entire matter will be subject to dismissal.

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A, as follows:

- **COUNT 1** will proceed against Defendants **McCARTHY, LAUER, LASER,** and **LASHBROOK**.

- **COUNT 2** will proceed against Defendant **LASER**.

- **COUNT 4** will proceed against Defendant **GREGSON**.

- **COUNT 5** will proceed against Defendants **McCARTHY, LAUER, LASER, LASHBROOK,** and **GREGSON**.

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice against Defendant **GREGSON** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **WEXFORD MENTAL HEALTH** is **DISMISSED** without prejudice from the action because the First Amended Complaint fails to state a claim for relief against the defendant.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **McCARTHY, LAUER, LASER, LASHBROOK,** and **GREGSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that if Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even if his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/6/2019**

<u>s/ STACI M. YANDLE</u>
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**